E. R. PROWELL *et al. v.* H. P. FOWLKES, Adm'r, *et al.*

SUMMARY REMEDY. *Official bond of deceased clerk. Liability of administrator with sureties upon.* The summary remedies given by statute against public officers, being of purely statutory origin and in derogation of the common law, must be strictly pursued, and nothing can be superadded to them by judicial construction. Such statutes do not in terms extend to the personal representatives of such officers, and cannot be so extended by construction. Held, that a motion is not allowable against the administrator of a deceased clerk and the sureties upon the official bond of the clerk.

Cases approved: *Young* v. *Hare,* 11 Hum., 303; *State* v. *Deberry,* 9 Hum., 605; *Park* v. *Walker,* 2 Sneed, 509.

Case overruled: *Smith* v. *Woods,* 1 Col., 539.

Code cited: Sec. 3626.

---

FROM WILLIAMSON.

---

Appeal from the Circuit Court. WILLIAM P. MARTIN, J.

TURLEY & THOMAS for defendants.

RICHARDSON for complainants.

SNEED, J., delivered the opinion of the court.

The counsel for the appellants in this case insists upon divers grounds of reversal which are worthy of consideration, but, in the view we have taken of this case, the main question argued must be decisive of it. It is an action, instituted by motion in the County Court of Williamson county, against the administrator of a deceased clerk and the sureties on the clerk's

Prowell *v.* Fowlkes.

bond, for a balance of a fund collected by the clerk under the orders of the court, belonging to the plaintiffs, and remaining in the hands of the clerk at the time of his death. The notice of the motion was served upon the administrator alone. A judgment was rendered in favor of the plaintiffs, and the case was brought before the Circuit Court by *certiorari*, when, on motion of the plaintiffs, the petition was dismissed, and an appeal taken to this court by defendants, who have likewise, as a measure of precaution, taken a writ of error to the County Court.

It is insisted on behalf of the defendants that the summary remedy allowed against the clerk and his sureties in such cases does not lie against the administrator and the sureties of the clerk. And of this opinion is the court. The statute under which the remedy is sought is in the words following:

"Judgment may be had summarily by motion against the clerk of any court in this State in the following cases: 1. For failing to pay over to the party entitled, on demand, money received by him on any judgment or execution, or paid into court upon a plea of tender or any other plea, or under an order or rule of court, judgment for the sum so received, with interest and twelve and one-half per cent damages. 2. For delinquencies in regard to revenue, as provided in this Code, in Part I, titles 4 and 5."

It has been uniformly held in regard to these summary remedies against public officers, that they are of purely statutory origin, and in derogation of the common law; that they must be strictly pursued and

construed, and that nothing can be superadded to them by judicial construction.

The very terms of the statute import that the officer himself must be pursued, and that the demand must be made upon him. His representative, if he be dead, is the custodian and depository of his per-sonal assets, but the fiduciary trust moneys with which he is charged are supposed to remain in *custodia legis* in the hands of his successor in office. The administrator is not supposed to know anything about his official affairs, and is not in a condition to protect his sureties, in the speedy and summary remedy given to the parties in interest, of which they are not even entitled to notice. *Young* v. *Hare*, 11 Hum., 303. It would be a hard and unreasonable construction of these statutes to give the remedy against innocent sureties with the administrator of the officer, when they are not only deprived of their day in court to make their defense, but are in a condition so utterly helpless, from the fact that the death of their principal has cut off the chances of a well advised defense. The case of *The State* v. *Deberry* was decided in 1848, in which it was held that the act which authorizes a judgment by motion against a sheriff and his sureties, does not authorize such summary proceeding against the executor or administrator of such sheriff. In that case Judge Green said that the act does not in its provisions extend to the executor or administrator of the sheriff, and we do not think it should be so extended by construction. For the default of the sheriff, it is much more appropriate to proceed

Prowell *v.* Fowlkes.

against his executor or administrator upon the bond by a common law action, in which the plea of fully administered might be put in and the issues tried by a jury. We do not think the Legislature intended to extend the remedy by motion to the executor or administrator. 9 Hum., 605. In the case of *Park* v. *Walker,* Judge McKinney said: "No latitude of construction is admissible so as to extend the remedy beyond the express provision of the statute to cases apparently falling within the reason of the law. The remedy is not given by the statute against the personal representative of the deceased sheriff or surety; and upon no sound principle can it be so applied. Obvious considerations growing out of the relations, rights and duties of the personal representative, forbid such a construction. But it is needless," he says, "to reason on the point. We have held that this remedy did not extend to the executor or administrator of the deceased sheriff himself, citing *The State* v. *Deberry,* 9 Hum., and for the same reasons we now hold that it does not apply to the executor or administrator of a deceased security." *Park* v. *Walker,* 2 Sneed, 509. The doctrine of these cases applies with like force to the summary remedy against clerks, and the statutes have in no manner been extended in their scope and operation since these cases and many others, unreported, have been determined. But it is said that the doctrine has been modified and departed from in the more modern case of *Smith* v. *Wood,* 1 Col., 539. The point was not directly in judgment in that case. The proceeding in that case was by

petition against the administrator of the clerk and the sureties on the clerk's bond to recover certain moneys in the clerk's hands at the time of his death. The proceeding was in the County Court, and the clerk had received the moneys as special commissioner to sell the property out of which the fund was realized. The suit was treated as in the nature of a bill in equity, and as such was sustained, as it well might be, under the rules of practice appropriate to that forum. The learned judge delivering the opinion does undoubtedly, in the discussion of the case, repudiate the early decisions which hold that the motion does not lie against the representative of a deceased officer, and "inclines to the opinion" that the remedy by motion will lie against the personal representative of a delinquent officer. He seems to base his conclusions upon sec. 3626 of the Code, ch. 14, art. 7, by which it is provided that "the remedy by motion given by this article will be both for and against the personal representatives of deceased parties." The provision, he says, might seem at first view, from its juxtaposition and terms, to be restricted to the class of motions enumerated in article 7. But such, he thought, was not the intention. There would be no sense in such a discrimination. 1 Col., 539. Upon examination, it will be seen that the article 7 applies exclusively to the reciprocal remedies of sureties as against each other, and that the provision as to them was almost literally carried into the Code from the Acts of 1801, ch. 15, sec. 1, which is intended exclusively for the protection of securities. We are sat-

Prowell *v.* Fowlkes.

isfied that the learned judge, in placing this construction on the section of the Code referred to, did not have this act of 1801, ch. 15, from which it was taken, brought to his attention.

But, in any event, we hold that the sounder decision is to be found in the earlier cases on the subject; and while we do not regard the conclusions of the learned judge upon the point as an express adjudication of the question, we must, with great deference and respect for his ability and learning, dissent from the view he has announced in that case. We hold that the summary remedy is not allowable in a case like this.

The judgment will be reversed and the motion dismissed, without prejudice to the plaintiffs, however, in any other appropriate remedy to which they may resort.